UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PROVENZINO and HERSHELL
ELSWICK,

            Plaintiffs,

v.

CITY OF TAYLOR, JAMES PILCHAK,
MATT MINARD, JASON HALL,
NICHOLAS SELLITTI, and KEITH
O'CONNOR,

            Defendants.

_____/

Case No. 2:16-cv-13481
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER DEEMING RESOLVED IN PART, GRANTING IN PART, and DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (DE 37)**

Plaintiffs' March 16, 2017, first amended complaint names six defendants: City of Taylor, James Pilchak, Matt Minard, Jason Hall, Keith O'Connor, and Nicholas Sellitti. The facts underlying the amended complaint concern the alleged events of May 26, 2015. In particular, Plaintiffs allege that Defendants engaged in (I) excessive force; (II) unreasonable seizure without probable cause; and (III) constitutional violations. (DE 27.)

Currently before the court is Plaintiffs' May 1, 2017 motion to compel, regarding which a response and reply have been filed. (DEs 37, 40, 41). Judge

Lawson referred this motion to me for hearing and determination, and a hearing was noticed for May 30, 2017. (DEs 38, 39.)

On the date set for hearing, attorneys Amy J. DeRouin and Jonathan F. Karmo appeared. After engaging in a meet and confer conference in my jury room at the Court's direction, during which the parties' attention was drawn to this Court's decision in *Sw. Metals, Inc. v. City of Detroit*, No. 2:15-CV-11080, 2016 WL 5477313, at *1 (E.D. Mich. Sept. 29, 2016), counsel for the parties informed the Court that they had resolved several of the matters that had been the subject of Plaintiffs' motion. Counsel placed an agreement as to these matters on the record and will submit a related stipulation and order. Accordingly, Plaintiffs' motion is **DEEMED RESOLVED** with respect to the deposition of Edward Shalda, as well as Plaintiffs' first set of interrogatories Nos. 15 and 16 and the related requests for production of documents.

As to the remaining issue – "complete audio and video recordings of the subject incident," which were arguably the subjects of Interrogatory No. 18 and Request for Production of Documents Nos. 19 and 28 - Plaintiff's motion (DE 37) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, no later than **June 15, 2017**, Defendant City of Taylor **SHALL** supplement its written response to Interrogatory No. 18, signed and under oath, by:

 **(a)** identifying all motor vehicles and officers at the scene of the events in question;

2

**(b)** as to each such motor vehicle or officer:

    **i.** , describing what audio and/or video recording equipment was present, including but not limited to any and all "dash cams" and lapel microphones;

    ii. listing both whether an audio or video recording was made and is available from such equipment;

    iii. if such a recording was made or is available, indicating whether it was produced or, if not produced, why;

    iv. if such a recording is not available, indicating: why not (*e.g.*, recorder was out of range and specifying the length of such range, recorder was not turned on, retention policies, *etc.*); whether metadata exists from that device that will show that an audio or video recording existed and/or exists related to the subject incident; and, if so, where such metadata is located; and

    v. if information existed at one time but has since been deleted, then explaining why it was not preserved and when it was deleted and destroyed.

Plaintiff is shall issue its related deposition notice or notices to Defendant City of Taylor pursuant to Fed. R. Civ. P. 30(b)(6) forthwith, or in any case, no later than **June 19, 2017**, so that Defendant may thereafter designate a witness or witnesses in accordance with the Rule and make any such witnesses available for deposition on or before **June 30, 2017**.

At this time, any request by Plaintiffs for "Entry on Land in order for Plaintiffs' counsel and expert to inspect the subject vehicles, video/audio recording devices, and computers where this information would be stored[,]" (DE 41 at 7), is

3

**DENIED WITHOUT PREJUDICE**. Some questions were left unasked at the deposition; as such, the Court does not have enough information about the audio and video recordings at issue here to determine whether such inspection is warranted. In addition, Defendants' request for an award of costs, including attorney fees (DE 40 at 3, 14), is **DENIED**, because the issue on which the Court opined involved a genuine dispute and merited judicial review, thus making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Finally, the Court having considered the issues presented by this motion and the likelihood that privilege will be asserted during the course of discovery, the parties are strongly encouraged to enter into a stipulated protective order governing the exchange of information in this case. Although the Court expects that counsel for the parties will be able to arrive upon an agreement as to the terms of such an order, the parties may file an appropriate motion if they are unable to do so. In either case, they are advised to review the Undersigned's Practice Guidelines relating to "Protective Orders."

**IT IS SO ORDERED**


Dated: May 31, 2017         s/Anthony P. Patti
                            ANTHONY P. PATTI
                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2017, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti